## COMMONWEALTH *VS.* JOSEPH L. BUKIN.

Plymouth. November 7, 2013. - March 14, 2014.

Present: IRELAND, C.J., SPINA, CORDY, BOTSFORD, GANTS, DUFFLY, & LENK, JJ.

*Practice, Criminal,* Revocation of probation, Hearsay. *Due Process of Law,* Probation revocation. *Evidence,* Hearsay. *District Court Rules for Probation Violation Proceedings. Constitutional Law,* Separation of powers.

At a probation revocation hearing where the sole evidence against the defendant was hearsay testimony presented by two police officers, the judge, in concluding that the defendant had violated the conditions of his probation, did not err in determining that the hearsay testimony bore sufficient indicia of reliability. [519-521]

This court concluded that rule 6(b) of the District Court Rules for Probation Violation Proceedings allows a judge, in situations where hearsay evidence alone is submitted to prove a violation of probation, to premise a finding of good cause to proceed without live witnesses on the reliability of the hearsay. [521-522]

Nothing in the record of a probation revocation proceeding supported a criminal defendant's contention that an employee of the district attorney's office impermissibly interfered with his probation officer's conduct of the defendant's hearing, in violation of art. 30 of the Massachusetts Declaration of Rights. [522-524]

COMPLAINTS received and sworn to in the Brockton Division of the District Court Department on December 27, 2010, and May 23, 2011.

A proceeding for revocation of probation was heard by *Paul C. Dawley*, J.

The Supreme Judicial Court granted an application for direct appellate review.

*Jane Larmon White*, Committee for Public Counsel Services, for the defendant.

*Carolyn A. Burbine*, Assistant District Attorney, for the Commonwealth.

LENK, J. While the defendant was serving a period of probation for unrelated convictions, probable cause was found to

believe that he had violated the conditions of his probation by allegedly committing new criminal offenses. At the defendant's subsequent probation revocation hearing, the sole evidence against the defendant was hearsay testimony presented by two police officers indicating that he had committed certain sex offenses against two relatives. Relying upon hearsay evidence that he determined to be substantially reliable and trustworthy, and finding that good cause thus existed for proceeding without a witness having personal knowledge of the evidence presented, a District Court judge concluded that the defendant had violated the conditions of his probation, revoked his probation, and ordered him incarcerated. The defendant appealed, arguing that the hearing did not comport with due process.

More specifically, the defendant claims, first, that the hearsay testimony on which the judge solely relied was not substantially reliable and trustworthy and, consequently, that such evidence was insufficient to permit a finding that the defendant had violated the conditions of his probation. Second, because the judge made no separate finding as to good cause for proceeding without a witness with personal knowledge of the evidence presented, as Rule 6(b) of the District Court Rules for Probation Violation Proceedings, at 94 (LexisNexis 2012-2013) (rule 6[b]), on its face requires, the defendant maintains that he was denied due process on this basis as well. Finally, he asserts that, insofar as the district attorney's office is within the executive branch of government while the probation department is within the judicial branch, an employee of the district attorney's office impermissibly interfered with the probation officer's conduct of the hearing, in violation of art. 30 of the Massachusetts Declaration of Rights. Concluding that the defendant was accorded due process and clarifying that rule 6(b) is not to be construed as requiring more than is constitutionally mandated, we affirm the order revoking the defendant's probation.

1. *Background.* We recite the facts as presented at the surrender hearing, reserving some facts for later discussion. Officer Jacob Poulin of the Abington police department testified that he took a report on December 5, 2011, from twenty-three year old Amir[1] and a close friend of his family, Kimberly McDonald.

---

[1] We refer to the adult victim and his half-sister, a minor, by pseudonyms.

McDonald told Poulin that she brought Amir, who had been diagnosed as having Asperger's syndrome, to the police station at his mother's request because she was unavailable to do so. Poulin described Amir as being "a bit reserved" but able to tell him "in full detail" about an incident involving the defendant that had occurred the previous day at Amir's father's house.[2]

According to Poulin, Amir recounted that on December 4, 2011, he was at his father's apartment with the defendant and Amir's then seven year old half-sister, Alana. The defendant "was making some strange sexual comments," describing in detail a pornographic film scene, and commenting a number of times on the size of Amir's penis, which he had seen while Amir was sleeping the previous night.

Amir also described to Poulin what he called a "lap dance," when the defendant rubbed his buttocks on Amir's knee until Amir pushed him away. Alana then went over to the defendant and mimicked the "lap dance." The defendant told Alana, "No, no, go do that to your brother." She responded, "No, no, I can't do that, he's my brother." Amir told his mother about the incident later that day.

After speaking with Amir and McDonald, Poulin and Officer Susan Manning of the Abington police department met with Alana, her mother, and Amir's father.[3] Alana told Manning that while she was alone in the apartment with the defendant and her brother, the defendant began to "hump" Amir, who tried to push the defendant away. Alana told Manning that the defendant had both exposed his naked buttocks to her and had described in detail part of a pornographic film he had seen.

On December 6, 2011, a criminal complaint issued against the defendant.[4] On the same day, probable cause was found to believe that the defendant had violated the conditions of his

---

[2]Amir's parents did not live together at that time; Amir lived primarily with his mother.

[3]Alana's mother is the girl friend of Amir's father. Amir's father is, apparently, also Alana's father and the defendant's cousin.

[4]The defendant was charged with indecent assault and battery on a person with an intellectual disability in violation of G. L. c. 265, § 13F; indecent assault and battery on a child under the age of fourteen in violation of G. L. c. 265, § 13B; two counts of open and gross lewdness in violation of G. L. c. 272, § 16; accosting or annoying a person of the opposite sex in violation

probation based on the newly alleged crimes. A probation revocation hearing and a probable cause hearing on the new charges were both scheduled for January 5, 2012. When the probation matter was called, neither the civilian witnesses[5] nor the police officers appeared, despite having been summonsed by the probation officer. Over the defendant's objection, the judge granted the probation department's request for a continuance until January 10, 2012.

On January 12, the same judge heard testimony from the probation officer as well as from Poulin and Manning, who testified to the facts described above. After the parties rested, the judge heard closing arguments. The following day, he ruled that the defendant was in violation of the conditions of his probation by virtue of having committed an indecent assault and battery on a person over the age of fourteen.[6] The judge found that, although all of the evidence before him was hearsay,[7] the stories of Amir and Alana corroborated one another in three significant respects, and the hearsay thus bore sufficient indicia of reliability. The judge revoked the defendant's probation, sentencing him to two years in the house of correction, six months to be served and the balance suspended for a two-year period.[8]

2. *Discussion.* a. *Hearsay testimony.* A determination whether

---

of G. L. c. 272, § 53; and enticing a child under the age of sixteen in violation of G. L. 265, § 26C. At the probation revocation hearing on January 12, 2012, the charge of indecent assault and battery on a person with an intellectual disability was amended to a charge of indecent assault and battery on a person over the age of fourteen, in violation of G. L. c. 265, § 13H.

[5]Amir and McDonald.

[6]For purposes of the probation violation hearing, the judge found that the hearsay evidence did not support a violation predicated on any of the other five charges.

[7]The judge also factored into his findings brief comments made by the defendant to Poulin during what Poulin described as a thirty-second telephone call. As statements of the defendant, they are not hearsay. See *Commonwealth v. DiMonte*, 427 Mass. 233, 243 (1998). However, given the inconclusive nature of those comments, we exclude them from our review of the evidence supporting the judge's finding that the defendant violated the conditions of his probation.

[8]The judge thereafter conducted a hearing on the defendant's motion to dismiss the new criminal charges, denying the motion on three counts and allowing it on three others.

a violation of probation has occurred lies within the discretion of the hearing judge. *Commonwealth* v. *Durling*, 407 Mass. 108, 111-112 (1990). The Commonwealth must prove a violation of probation by a preponderance of the evidence. *Commonwealth* v. *Nunez*, 446 Mass. 54, 59 (2006). Although a probationer is entitled to the due process rights established in *Morrisey* v. *Brewer*, 408 U.S. 471 (1972), and *Gagnon* v. *Scarpelli*, 411 U.S. 778 (1973), he need not receive the "full panoply of constitutional protections applicable at a criminal trial." *Durling*, *supra* at 112-113. Accordingly, while "[u]nsubstantiated and unreliable hearsay cannot, consistent with due process, be the entire basis of a probation revocation," "[w]hen hearsay evidence *is* reliable . . . , then it *can* be the basis of a revocation." *Id.* at 118. See *Commonwealth* v. *Patton*, 458 Mass. 119, 132-133 (2010), citing *Durling*, *supra* at 121 (discussing five factors suggesting reliability); *Commonwealth* v. *Delaney*, 36 Mass. App. Ct. 930, 932 & n.4 (1994) (where only hearsay presented, proper focus of inquiry is reliability of hearsay).

The defendant contends that the judge erred in determining that the hearsay testimony against him bore sufficient indicia of reliability. He asserts that the testimony of Amir, who has Asperger's syndrome, was inherently unreliable due to social cognition and communication impairments, and that it was natural for Alana to echo Amir's story to the police in order to protect her family.

The hearing judge's assessment of reliability was supported by the record. Poulin testified that Amir volunteered all of the information regarding the incident, did not struggle to answer questions, and understood that his allegations could result in criminal charges against the defendant. Although the defendant asserts that Amir's Asperger's syndrome made him an unreliable witness, he does not contest Amir's ability to make accurate observations or to offer a truthful report to a police officer.

The judge also correctly employed the five factors discussed in *Patton*, *supra* at 132-133, for assessing the reliability of hearsay evidence. He emphasized that, although the interviews of Amir and Alana had been conducted separately, three elements of their accounts to police independently corroborated

one another.[9] Amir and Alana both discussed the incident while it was fresh in their minds, and used very different words, including slang expressions, to describe the defendant's conduct; there is no indication that Alana merely repeated Amir's recitation of what had occurred.

It is the exclusive province of the hearing judge to assess the weight of the evidence. *Commonwealth* v. *Janovich*, 55 Mass. App. Ct. 42, 50 (2002). We discern no abuse of discretion in the judge's determination that a probation violation had occurred.

b. *Rule 6(b)*. In promulgating the District Court Rules for Probation Violation Proceedings, effective as of January 3, 2000, the District Court sought "to codify the provisions of applicable case law." *Commonwealth* v. *Cates*, 57 Mass. App. Ct. 759, 762 (2003), quoting commentary to Rule 1 of the District Court Rules for Probation Violation Proceedings, *supra* at 80. Rule 6(b) addresses those situations where hearsay evidence alone is submitted to prove a violation of probation based on a probationer's alleged commission of new crimes. In order to rely on such evidence in those circumstances, the rule provides that the judge must find both that the hearsay evidence is "substantially trustworthy and demonstrably reliable" and that "the probation officer has good cause for proceeding without a witness with personal knowledge of the evidence presented." Rule 6(b) of the District Court Rules for Probation Violation Proceedings, *supra* at 94. The defendant asserts that the judge erred in failing to comply with the text of rule 6(b), arguing that a finding of good cause to proceed without live witnesses may not be premised on the reliability of the hearsay.

Rule 6 "is based almost exclusively on the opinion in [*Durling*, *supra*]." Commentary to Rule 6 of the District Court Rules for Probation Violation Proceedings, *supra* at 94 (Rule 6[b] commentary). However, the comment accompanying rule 6 notes that *Durling* is unclear as to whether the reliability of hearsay evidence may itself constitute good cause for failing to produce a live witness or whether reliability and good cause must be established separately. Rule 6(b) commentary, *supra* at

---

[9]Both Amir and Alana recounted the defendant's discussion of the same pornographic film scene, that he engaged in a "lap dance" against Amir's body, and that Amir attempted to push the defendant away during this incident.

95. See *Commonwealth* v. *Negron*, 441 Mass. 685, 691 (2004) (noting that *Durling* was "somewhat ambiguous" regarding relationship between reliability and good cause). Recognizing *Durling*'s ambiguity, the rule 6(b) commentary, *supra*, states that "the opinion appears to settle on the two-pronged definition of good cause" under which a judge must find good cause to exist on grounds other than the reliability of the hearsay.

However, rule 6(b) no longer reflects our current case law. Since the District Court rules went into effect, this court has resolved *Durling*'s ambiguity, concluding that a finding of substantial reliability is itself sufficient to demonstrate good cause in such circumstances. *Negron*, *supra* at 691 ("if reliable hearsay is presented, the good cause requirement is satisfied"). See *Commonwealth* v. *Nunez*, 446 Mass. 54, 58-59 (2006); *Commonwealth* v. *Maggio*, 414 Mass. 193, 197 (1993). See also *Commonwealth* v. *Foster*, 77 Mass. App. Ct. 444, 450 n.6 (2010), and cases cited (discussing genesis of rule 6[b] and declining to apply two-prong inquiry given case law that sufficiently reliable hearsay obviates need for finding of good cause); *Commonwealth* v. *King*, 71 Mass. App. Ct. 737, 740 n.6 (2008) ("While the language of rule 6[b] establishes a two-prong inquiry, Supreme Judicial Court decisions subsequent to the rule's adoption have held that good cause need not be separately proven if the hearsay is deemed sufficiently reliable").

The hearing judge, relying on *King*, *supra*, determined that the hearsay testimony of Poulin and Manning was substantially reliable, and then noted in his findings that "good cause need not be separately proven." This was a correct statement of current law. As discussed, rule 6(b) was not intended to require more than is constitutionally mandated, as set forth in *Durling* and its progeny. Because rule 6(b) in its current form appears to do just that, it should be amended forthwith to conform to our decisions subsequent to *Durling*, clarifying that due process does not require, where the hearsay is substantially reliable, separate proof as to good cause.[10]

c. *Separation of powers.* Article 30 guarantees the separation

---

[10]Indeed, the District Court is currently soliciting public comment on proposed amendments to its rules for probation violation proceedings. Its

of powers between and among the three branches of government. Although staff from the office of the district attorney may not interfere unduly with a probation officer's conduct of a probation hearing, an assistant district attorney may in appropriate circumstances assist in such hearings because, despite the separation of powers, the "compartments are not watertight." *Commonwealth* v. *Tate*, 34 Mass. App. Ct. 446, 448 (1993). See *Commonwealth* v. *Milton*, 427 Mass. 18, 22-23 (1998); G. L. c. 279, § 3; Rule 5 of the District Court Rules for Probation Violation Proceedings, *supra* at 89. Here, for example, the probation officer explicitly requested that the prosecutor question the police witnesses at the January 12 hearing. Such conduct constitutes cooperation, rather than interference, with the probation officer's presentation of the case. See *Negron*, 441 Mass. at 687.

The defendant asserts that the civilian witnesses were not present at the surrender hearing because a victim/witness advocate wrongly informed them that they need respond only to summonses sent by the office of the district attorney, not those sent by probation officers. He bases this on a statement made by the probation officer on January 13, 2012, after the close of the evidence. The probation officer told the judge that the probation department "did reach out to [the civilian witnesses,] but they did not get the summons and . . . I hate to put it this way, but they did speak with victim/witness advocates in the [district attorney's] office and . . . they were told [that] . . . if the

___

proposed amendments to rule 6 would eliminate the inconsistency at issue here. The commentary states:

> "Section (b) has been amended to conform to case law decided after the rule was initially promulgated. That case law has made it clear that there is a 'one-pronged' test for determining whether hearsay evidence is legally sufficient as proof of a violation . . . . *Commonwealth* v. *Maggio*, 414 Mass. 193 (1993). See also[] *Commonwealth* v. *Negron*, 441 Mass. 685 (2004).

> "The previous version of this rule imposed a two-pronged test, namely, for evidence to be legally adequate as a basis for finding a probation violation the rule required that it be both 'substantially reliable,' and, when the alleged violation was new criminal behavior, there had to be 'good cause' for the absence of the percipient witness, i.e., the source of the hearsay. Current case law holds that where the hearsay is substantially reliable, this satisfies the good cause requirement."

district attorney did not send them this summons, then they did not have to go." The defendant made no attempt to question the probation officer or otherwise to pursue the matter, and did not object when the judge then indicated that he would exclude this information from his consideration of what due process required with respect to the hearsay testimony before him.[11]

On the basis of the foregoing statement by the probation officer, the defendant maintains on appeal that the office of the district attorney impermissibly interfered with the probation officer's efforts to protect the defendant's confrontation rights by summonsing witnesses. Absent speculation, the record itself provides no indication that the office of the district attorney deliberately advised civilian witnesses against heeding a summons from the probation office. The prosecutor informed the judge that a victim/witness advocate had at some point spoken to the mother of one of the victims, but that she had done no more than explain the arraignment process and the next court date. He added that he had no notes on the matter in his file. There is nothing of record as to the date or time when any conversations between the witnesses and the advocate took place, or as to whether at the time of such conversations the advocate was aware of any summonses that the probation officer had sent.

We decline to speculate and draw the adverse inferences necessary to support the defendant's allegation of misconduct. We accordingly discern no basis on which to conclude that there was improper interference by the office of the district attorney with the probation department's conduct of the hearing that would give rise to a violation of art. 30. We note, moreover, that it was the probation department and not the defendant who had summonsed the civilian witnesses. Had the defendant deemed their presence requisite for the exercise of his constitutional rights of confrontation or to present a defense, he was free to, but did not, request a continuance for that purpose.

*Judgment affirmed.*

[11]The judge explained that the time to offer evidence of "good cause" for failing to present witnesses had been during the evidentiary hearing that concluded the previous day.