The defendant appeals from an order revoking his probation based on the alleged commission of various new firearm offenses. He asserts there was insufficient evidence to find him in violation of his probation because the Commonwealth did not prove that he possessed a firearm, or that the firearm in question met the statutory definition of a firearm under G. L. c. 140, § 121. He also challenges the sufficiency of the evidence that the firearm was loaded with "ammunition," as defined under G. L. c. 140, § 121. We affirm.
Procedural history. In 2015, the defendant pleaded guilty to assault and battery by means of a dangerous weapon. He was sentenced to two and one-half years in a house of correction, eighteen months to serve with the balance suspended for two years with various conditions of probation. Thereafter, he was charged with various new firearm offenses and was served with a notice of probation and violation hearing.[2] Three police officers testified at the final surrender hearing, each of whom had personal knowledge of the events upon which the new charges were based. The defendant was found in violation of his probation and sentenced to serve the balance of his suspended sentence.
Facts.[3] About 6:00 in the evening on February 24, 2016, four Boston police officers were on patrol when they stopped a Jeep Cherokee for traffic violations. There were four individuals, including the defendant, in the Jeep. The defendant was a passenger and was seated in the back seat. The police soon learned that neither the driver nor the other passengers had a driver's license and, as a result, they made arrangements to tow the Jeep. Before the tow truck arrived, the officers conducted an inventory search during which one of the officers removed a backpack from the floor or rear seat area where the defendant had been sitting. The officer felt a hard, heavy object when he picked up the backpack. He opened the bag and saw a black gun which turned out to be a loaded, nine-millimeter Luger with an obliterated serial number. The backpack also contained school papers, identification, release paperwork from the Suffolk County house of correction, and a certificate of vital record, all bearing the defendant's name. Upon discovering the firearm, the defendant (and the other occupants) was handcuffed and advised of his Miranda rights. In response to the officers' question whether he needed to retrieve any items from the Jeep, the defendant stated that he needed his backpack.
Discussion. An order revoking probation is reviewed for an abuse of discretion. Commonwealth v. Bukin, 467 Mass. 516, 519-520 (2014). The defendant contends that the judge abused his discretion here because there was insufficient evidence that he constructively possessed the firearm and ammunition which formed the basis for the new charges. Thus, the defendant asserts, the Commonwealth failed to prove that he had violated his probation by committing a new crime. We disagree.
"To establish constructive possession, the Commonwealth must prove a defendant's (a) knowledge of the contraband; (b) ability to control it; and (c) intention to exercise control over it." Commonwealth v. Crapps, 84 Mass. App. Ct. 442, 444 (2013). Here, the backpack was found in an area over which the defendant had control and contained personal papers belonging to him. In addition, the defendant effectively exercised ownership of the backpack when he told the police that he needed to get it from the Jeep before it was towed. This evidence was more than sufficient for the judge to find by a preponderance of the evidence that the defendant had constructive possession of the firearm, thereby warranting a finding that the defendant had violated his probation. See Commonwealth v. Hill, 52 Mass. App. Ct. 147, 154 (2001) ("The standard of proof in a probation revocation proceeding is the civil standard of preponderance of the evidence rather than the criminal standard of beyond a reasonable doubt").
Next, the defendant claims that the evidence was insufficient to establish that the firearm and ammunition met the statutory definitions set forth in G. L. c. 140, § 121.[4] Although we agree with the defendant that the Commonwealth's proof on these issues would not satisfy the standard of proof beyond a reasonable doubt, the evidence was sufficient to satisfy the preponderance of the evidence standard. See Commonwealth v. Hill, supra. Accordingly, we affirm the order revoking probation and imposing the balance of the defendant's suspended sentence.
So ordered.
Affirmed.

Specifically, the defendant was charged with possessing a firearm without a firearm identification card (FID) (second offense), G. L. c. 269, § 10(h )(1) ; unlawfully possessing a firearm having three prior violations or drug crimes, G. L. c. 269, § 10G(c ) ; possessing a firearm with a defaced serial number, G. L. c. 269, § 11C ; carrying a firearm without an FID, G. L. c. 269, § 10(a ) ; possessing ammunition without an FID, G. L. c. 269, § 10(h )(1) ; and carrying a loaded firearm without a license, G. L. c. 269, § 10(n ).

Although the judge made no findings of fact, the evidence at the hearing was not contradicted and, more importantly, was sufficient to support the judge's conclusion.

In pertinent part, that statute defines "firearm" as "a pistol, revolver or other weapon of any description, loaded or unloaded, from which a shot or bullet can be discharged and of which the length of the barrel or barrels is less than 16 inches or 18 inches in the case of a shotgun as originally manufactured." G. L. c. 140, § 121, as appearing in St. 1998, c. 180, § 8. "Ammunition" is defined as "cartridges or cartridge cases, primers (igniter), bullets or propellant powder designed for use in any firearm, rifle or shotgun. The term 'ammunition' shall also mean tear gas cartridges." Ibid. See G. L. c. 269, § 10(o ) (defining ammunition).