The defendant, Miguel A. Nieves, appeals from an order revoking his probation and imposing a sentence of two and one-half years in a house of correction. The defendant claims that it was error for the judge to admit hearsay evidence at his probation revocation hearing because it was not sufficiently reliable. We affirm.
Background. On November 15, 2016, the defendant admitted to sufficient facts on the charge of assault and battery on a family or household member under G. L. c. 265, § 13M (a ). The case was continued without a finding, and the defendant was sentenced to one year's probation. The defendant's probationary terms included a provision that barred further abuse of the victim.
Six months later, two officers from the Amesbury Police Department responded to a 911 hang-up call from the Carriage Hill Apartments in Amesbury at one o'clock in the morning. After arriving at the central parking lot of the apartment complex, one of the officers could hear the sound of a person crying coming from one of the residential buildings. The officers identified the apartment from which the sound was emanating and entered the common hallway located immediately outside the door of the apartment. From there they heard a woman "crying and yelling," "'please stop' and 'get off of me' repeatedly." In response, one of the officers announced the presence of police and kicked in the apartment door. The door opened onto a struggle between the defendant and the victim on the floor.[1] The victim was "on her back facing up crying and yelling and [the defendant] was on top of her like kneeling over her and holding her down with his hand on her chest." The defendant was arrested and charged with two counts of assault and battery on a family or household member and one count of larceny under $250. A notice of probation violation was issued the same day.
After a violation hearing, the defendant's probation was revoked.[2] This appeal was timely filed.
Discussion. On appeal, the defendant argues that the victim's pleas to the defendant to stop his assault, overheard by the police, were unreliable, inadmissible hearsay. Specifically, he takes umbrage with the hearing judge's finding that the statements were provided by a disinterested witness. Because the defendant did not object to the hearsay at the hearing, the claim is reviewed only to determine whether there was a substantial risk of a miscarriage of justice. Commonwealth v. Pickering, 479 Mass. 589, 596 (2018). We see none.
As a general rule hearsay evidence is not barred from probation revocation hearings. At a probation revocation hearing, a defendant may be denied the "right to confront and to cross-examine witnesses" if the hearsay evidence before the court is reliable. Commonwealth v. Maggio, 414 Mass. 193, 197 (1993).
First, statements that are admissible under standard evidentiary rules are presumptively reliable in a probation revocation hearing. See Commonwealth v. Patton, 458 Mass. 119, 132 (2010) ("Hearsay is presumptively reliable if admissible under standard evidentiary rules" [quotation and citation omitted] ). We conclude that the victim's statements were presumptively reliable hearsay evidence. The victim's statements fall squarely under the spontaneous utterance exception to the hearsay rule. See Mass. G. Evid. § 803(2) (2018). The evidence shows that her pleas to "please stop" and "get off of me" were not the product of "reflective thought." See id. Those statements were made before the victim was aware of the presence of police, and soon after the statements were made, police found her struggling and pinned by the defendant on the floor.
Second, passing over whether the hearsay evidence was provided by a disinterested witness,[3] the judge also justifiably found that the hearsay evidence (1) was based upon personal knowledge and/or direct observation, (2) involved observations close in time to the events in question, (3) was provided under circumstances that support the veracity of the victim's statements, and (4) was factually detailed. See Commonwealth v. Patton, 458 Mass. 119, 133 (2010). Credibility determinations and weighing of the evidence are within "the exclusive province of the hearing judge." Commonwealth v. Bukin, 467 Mass. 516, 521 (2014).
Regardless, the hearsay statements were far from the sole basis for the judge's finding of a violation. Indeed, even if the victim's statements were excluded entirely, the judge still heard and credited the testimony of the officer who actually witnessed portions of the assault and battery. There was overwhelming support for a revocation finding by a preponderance of the evidence, exclusive of any hearsay statements. There was no error and no substantial risk of a miscarriage of justice.
Order revoking probation and imposing sentence affirmed.

The victim in this attack was the same victim in the matter for which the defendant was then on probation.

On the probation violation finding sheet, the hearing judge indicated that the victim's hearsay statements "please stop" and "get off of me" were reliable because they were "based on personal knowledge and/or direct observation"; "involve[ ] observations recorded close in time to the events in question"; were "provided by a disinterested witness"; were "provided under circumstances that support the veracity of the source"; and were "factually detailed."

Even assuming the defendant was correct that the judge misapplied the "disinterested witness" factor, given the judge's other findings of reliability, any misapplication would not make the statements unreliable. "There is no requirement that hearsay satisfy all the above criteria to be trustworthy and reliable." Patton, 458 Mass. at 133. The hearsay statements of the victim of an assault that a defendant allegedly committed while on probation may be admissible at the revocation hearing even where there is no determination that the victim was "disinterested." See id. at 133-134.