NOTICE: Summary decisions issued by the Appeals Court pursuant to its rule 1:28, as amended by 73 Mass. App. Ct. 1001 (2009), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-42

COMMONWEALTH

vs.

DARRYLE D. MCCLURE.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant appeals from an order of a judge of the District Court revoking his probation. He asserts that the judge abused his discretion when he relied on a police report containing hearsay statements to conclude that the defendant violated his probation by committing new offenses. He also argues that the evidence did not support the judge's finding that he also violated the conditions of his probation by failing to complete a class in anger management and by not reporting to probation as required. We affirm.

Background. On November 13, 2017, the defendant pleaded guilty to various offenses in Taunton District Court and received a committed sentence as well as probation.[1] While he

---

[1] More specifically, the defendant received eleven concurrent sentences of two years, with six months to be served and the balance suspended for three years with probation.

was on probation, the defendant was charged with two offenses, assault and battery and strangulation, stemming from a violent altercation with his girlfriend at the Fairfield Marriott Hotel in Walpole on May 21, 2020. The defendant was alleged to be in violation of his probation by virtue of the new charges, failing to successfully complete an anger management program, and failing to report to his probation officer within forty-eight hours after he was accidentally released from jail.

The defendant's probation officer, Jennifer Anderson, was the only witness who testified at the defendant's violation hearing. She testified about the defendant's conditions of probation and the alleged violations as follows. With regard to the condition that the defendant complete a course on anger management, Anderson relayed that the defendant had completed three out of twelve classes. With respect to the allegation that the defendant failed to report to probation, Anderson explained that the defendant was accidentally released from prison and that once she learned of the situation, she spoke with him and instructed him to report to the Taunton District Court, which the defendant failed to do. As regards the condition that the defendant not commit any new offenses, Anderson introduced (1) a police report detailing the events underlying the new charges written by Officer William Mitchell of the Walpole police department; (2) a report setting forth the

2

coordinates from the defendant's GPS monitor on the date of the alleged new offense; (3) booking information from the Fairfield Marriott Hotel indicating that the defendant had reserved a room for three days, including the date of the new offense; and (4) video footage depicting the defendant hitting the victim provided by the hotel.

The defendant offered no evidence at the hearing. He argued, among other things, that the hearsay statements contained within Mitchell's report were not sufficiently reliable to support a finding of a probation violation and that the defendant could not be identified as the person depicted in the video. Defense counsel also informed the judge that the defendant had been found not guilty of the new offenses.

The judge found that the defendant had violated the conditions of his probation by committing new crimes, by failing to complete an anger management program, and by failing to report to his probation officer after his release from jail. The judge acknowledged in his written and verbal findings that his decision was based on hearsay evidence that he found to be substantially reliable.

Discussion. "A defendant on probation is subject to a number of conditions, the breach of any one of which constitutes a violation of his probation." Commonwealth v. Durling, 407 Mass. 108, 111 (1990). "A determination whether a violation of

3

probation has occurred lies within the discretion of the hearing judge." Commonwealth v. Bukin, 467 Mass. 516, 519-520 (2014). Probation revocation hearings are not subject to the strict rules of evidence, Durling, supra at 114, and hearsay evidence is admissible if it is substantially reliable. See Commonwealth v. Hartfield, 474 Mass. 474, 484 (2016) (setting forth the appropriate factors to consider in determining whether hearsay is reliable).

We begin with the defendant's claim that the judge relied on unreliable hearsay in finding that he violated his probation by committing new crimes. Contrary to the defendant's assertion, the hearsay statements attributed to Mitchell, as set forth in his police report, were based on his personal knowledge and direct observations, which were "recorded close in time to the events in question." The statements were "factually detailed and internally consistent," and information was provided by disinterested witnesses "in circumstances that would support the veracity of the source."[2] The judge further observed that Anderson identified the defendant in the video.

---

[2] The judge found:

"[the police report] is based either on personal knowledge or direct observation. What I mean by that is that the police officer is observing the alleged victim in the case and making observations of her and her demeaner and what she appears like and injuries that she appeared to have, while also listening to her account of what she says

4

These circumstances coupled with the description of the victim's demeanor and her partial statement as reported by Mitchell, which was corroborated by the video, the statement of the hotel's front office manager, and to some degree by the GPS data leads us to conclude "that the proffered evidence was imbued with sufficient indicia of reliability to warrant a denial of the defendant's limited right to cross-examination." Durling, 407 Mass. at 120.[3]

Because we have determined that the evidence supported the judge's finding that the defendant had violated his probation by committing new crimes, we need not address the judge's findings that the defendant had violated his probation also by failing to complete an anger management program and by failing to report to his probation officer after he was accidentally released from prison. We nonetheless conclude that the evidence supported both violations. Anderson's testimony provided a sufficient basis on which the judge could conclude by a preponderance of the evidence that, despite the pandemic and his incarceration,

---

happened. Those observations were recorded close in time to the events in question. They are provided by a disinterested witness. They are provided in circumstances that would support the veracity of the source. It is factually detailed and internally consistent."

[3] Although Mitchell's police report contained hearsay within hearsay, the judge did not abuse his discretion by relying on this "totem pole" hearsay because he first made a determination that the hearsay contained sufficient indicia of reliability.

the defendant failed to complete a course in an anger management program.  The judge was not required to accept the defendant's claim that circumstances beyond his control (pandemic and incarceration) prevented him from fulfilling this obligation.

Similarly, the judge was warranted in concluding by a preponderance of the evidence that Anderson had informed the defendant that he was required to report to court (probation) upon his accidental release from jail as his probation officer instructed, and that the defendant failed to do so.

<u>Order revoking probation affirmed</u>.

By the Court (Vuono, Henry & Grant, JJ.[4]),

*Joseph F. Stanton*

Clerk

Entered:  May 1, 2023.

---

[4] The panelists are listed in order of seniority.