NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-110

COMMONWEALTH

vs.

ANTHONY CALHOUN.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant, Anthony Calhoun, pleaded guilty in Superior Court to three counts of unarmed robbery, G. L. c. 265, § 19 (b).  The plea judge imposed a two-year term of probation on two of those counts, to be served after the defendant's release from a committed sentence on the other count.  The defendant now appeals from an order revoking his probation. Concluding that there was adequate evidence to support the findings of a probation violation and that the record in this direct appeal fails to demonstrate that defense counsel was ineffective, we affirm.

1.  Proof of probation violations.  "A determination whether a violation of probation has occurred lies within the

discretion of the hearing judge." Commonwealth v. Bukin, 467 Mass. 516, 519-520 (2014). The question is whether the defendant "more likely than not violated the conditions of his probation," Commonwealth v. Kelsey, 464 Mass. 315, 324 (2013), and it is "the exclusive province of the hearing judge to assess the weight of the evidence." Bukin, supra at 521. Accordingly, "we uphold a judge's finding of a probation violation if it is supported by a preponderance of the evidence." Commonwealth v. Sargent, 98 Mass. App. Ct. 27, 29 (2020).

Here, the hearing judge found the defendant violated five terms of his probation. The defendant challenges the adequacy of the evidence for two of these violations, his failure to make his whereabouts known to his probation officer and his commission of a new criminal offense.[1] At a probation violation hearing, "[t]he Commonwealth must prove a violation of probation by a preponderance of the evidence." Bukin, 467 Mass. at 520.

---

[1] The defendant does not contest his failure to attend the final probation violation hearing on September 6, 2022. Although the defendant in his brief addresses his failure to remain drug free and his failure to comply with drug testing, he does not challenge the finding of violation so much as argue that such violations would not, by themselves, warrant revocation. In any event, although there was ample evidence that the defendant failed or missed required drug testing, there is no indication that the hearing judge gave undue weight to these violations or would have even considered revocation based on these violations alone.

2

The Commonwealth presented ample evidence that the defendant's whereabouts were unknown to probation. The defendant's probation officer testified that he was unaware of the defendant's whereabouts between June 20, 2022, and September 6, 2022. Although the defendant was able to provide documentation accounting for his whereabouts through August 12, 2022, he failed to offer any verification for his claims that he subsequently resided in a sober home and was hospitalized prior to his arrest on September 6, 2022. Similarly, although the judge credited that the defendant telephoned his probation officer in late August and early September, the defendant never provided the verification of his whereabouts as his probation officer requested. Moreover, the defendant failed to attend his required, in-person biweekly meeting with his probation officer at any point in either August or September. Accordingly, the evidence supported the judge's findings that the defendant's whereabouts were unknown between August 12 and September 6, 2022.

"To establish a probation violation based on a criminal offense, the Commonwealth must prove each element of the offense by a preponderance of the evidence." Commonwealth v. Gelin, 494 Mass. 777, 784 (2024). Here, the Commonwealth presented adequate evidence that the defendant committed the crimes of armed robbery and strangulation or suffocation on August 18,

2022.  At the hearing, the Commonwealth admitted in evidence the police report filed on the day of the incident, and a detective testified to what the victim told her.  The detective described how the victim told her that the victim, the defendant, and a woman entered a Downtown Crossing MBTA station elevator before the defendant grabbed and held the victim's neck while the woman stole items from the victim.  This recounting matched and expanded on the initial story the victim provided to the police in the report filed on the day of the incident.[2]  Moreover, video footage and photo stills presented by the Commonwealth captured portions of the incident, corroborating the victim's statements and police report that the defendant held the victim around the neck while a woman stole personal items from him.  The hearing judge cited this corroboration as one of the factors supporting his findings that the victim's statements and admitted police report were reliable hearsay.[3]  In sum, there was adequate evidence that the defendant violated his probation by committing

_____

[2] The victim told police on the day of the offense that the defendant threatened him with a knife but he could not remember if the defendant showed him the knife.

[3] "[W]here a judge relies on hearsay evidence in finding a violation of probation, the judge should set forth in writing or on the record why the judge found the hearsay evidence to be [substantially] reliable."  Commonwealth v. Rainey, 491 Mass. 632, 648 (2023), quoting Commonwealth v. Hartfield, 474 Mass. 474, 485 (2016).  Here, the judge provided adequate reasoning on the record for his finding that the police report and victim's statements were reliable.

armed robbery and strangulation or suffocation on August 18, 2022.

The defendant's argument that the judge should not have considered his new criminal offense because the Commonwealth dismissed the charges the following month is unavailing. "Where a complaint criminally charging a defendant for conduct that also underlies his or her notice of a probation violation is nol prossed, the conduct remains a valid basis for a probation violation proceeding." Commonwealth v. Williams, 102 Mass. App. Ct. 626, 629 (2023). Here, the defendant's new offense was open at the time of the hearing, and the prosecutor told the hearing judge that she intended to present the charges to a grand jury. Moreover, the Commonwealth presented ample evidence through the admitted police report, video footage, photo stills, and the victim's statements to prove by a preponderance of the evidence that the defendant committed the charged offenses. See id. ("focus of a probation violation hearing where the violation alleged is the commission of a new offense is the defendant's conduct, not a criminal complaint based on that conduct").

2. Ineffective assistance of counsel. "To sustain a claim of ineffective assistance of counsel, the defendant must show that the behavior of counsel fell below that of an 'ordinary fallible lawyer' and that such failing 'likely deprived the defendant of an otherwise available, substantial ground of

defence.'" Commonwealth v. Bowen, 92 Mass. App. Ct. 793, 798 (2018), quoting Commonwealth v. Saferian, 366 Mass. 89, 96 (1974). The defendant did not raise the issue of ineffective assistance of counsel in any posthearing motion but does so now on direct appeal. As "our courts strongly disfavor raising claims of ineffective assistance on direct appeal," Commonwealth v. Zinser, 446 Mass. 807, 811 (2006), such claims "should only be brought on direct appeal when the factual basis of the claim appears indisputably on the trial record." Commonwealth v. Keon K., 70 Mass. App. Ct. 568, 573-574 (2007).

Here, the defendant asserts that his hearing counsel was ineffective given her failure to obtain and present medical records that purportedly explained the defendant's whereabouts after August 12, 2022. This claim fails to meet the narrow exception for a direct appeal, as the involved medical records are not part of the hearing's record.[4] Even if such records were properly before us, they fail to explain the defendant's whereabouts, as they cover only a portion of the period between August 12 and September 6, 2022. Moreover, the medical records fail to explain the defendant's inability to provide requested verification to his probation officer or his failure to attend

---

[4] The defendant included medical records with his brief but acknowledged they are not properly before the court.

6

his required, in-person biweekly meetings in August or September.  Accordingly, the defendant's claim of ineffective assistance of counsel is unpersuasive without a motion for a new hearing supported by affidavits and evidence.

<u>Order revoking probation and
imposing sentence affirmed</u>.

By the Court (Ditkoff,
Grant & Toone, JJ.[5]),

Paul Little

Clerk

Entered:  February 5, 2025.

---

[5] The panelists are listed in order of seniority.