NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

25-P-125

COMMONWEALTH

vs.

JEREMY FELIX.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant, Jeremy Felix, appeals from an order of a District Court judge revoking his probation. After a hearing, the judge found the defendant violated the conditions of his probation by committing new crimes and failing to report to probation. The defendant appeals, contending that the judge improperly relied on hearsay evidence contained in grand jury minutes and police reports. Because the judge did not abuse her discretion in concluding that the hearsay was substantially reliable, we affirm.

Background. The defendant was convicted of carrying a loaded firearm without a license and sentenced to two and one-half years in a house of correction, one day to serve and the

balance suspended until January 22, 2025.  The defendant's term of probation began on October 6, 2022, and its conditions included that he obey all State laws and report to his probation officer at such times and places as she required.

On August 12, 2024, the defendant was arraigned in the Lawrence Division of the District Court Department on a complaint alleging that on June 3, 2024, he committed crimes including assault by means of a dangerous weapon (a firearm), discharge of a firearm within 500 feet of a building, malicious destruction of property valued at more than $1,200, carrying a firearm without a license, and unlawful possession of ammunition.  On August 21, a judge found probable cause that the defendant had violated the conditions of his probation.[1]  On September 16, a grand jury returned indictments against the defendant alleging similar crimes.

On December 5, 2024, at the probation violation hearing, the prosecutor informed the judge that the defendant had been arraigned in the Superior Court on the new crimes.  The judge considered evidence including the grand jury minutes and police reports describing the new crimes.  The probation officer also testified that on one occasion the defendant had failed to

---

[1] The probation violation hearing was held before a different District Court judge.

report to probation.  The judge found by a preponderance of the evidence that the defendant had violated his probation, both by committing the new crimes and by failing to report to probation. The judge revoked the defendant's probation and sentenced him to two and one-half years in the house of correction, with 116 days deemed served.  The defendant timely appeals.

Discussion.  "At a probation violation hearing, the Commonwealth bears the burden of proving a violation of a condition of probation by a preponderance of the evidence." Commonwealth v. Jarrett, 491 Mass. 437, 445 (2023).  "A determination whether a violation of probation has occurred lies within the discretion of the hearing judge."  Commonwealth v. Bukin, 467 Mass. 516, 519-520 (2014), citing Commonwealth v. Durling, 407 Mass. 108, 111-112 (1990).  The judge's decision to revoke the defendant's probation and its underlying evidentiary rulings are reviewed for an abuse of discretion.  See Commonwealth v. Rainey, 491 Mass. 632, 648 (2023); Jarrett, supra.

Hearsay evidence is admissible at a probation revocation hearing if it is substantially reliable.  See Commonwealth v. Hartfield, 474 Mass. 474, 484 (2016).  In determining whether hearsay is substantially reliable, the judge may consider a nonexhaustive list of factors, including

3

"whether that evidence (1) is based on personal knowledge and/or direct observation, rather than on other hearsay; (2) involves observations recorded close in time to the events in question; (3) is factually detailed, rather than generalized and conclusory; (4) is internally consistent; (5) is corroborated by any evidence provided by the probationer; (6) was provided by a disinterested witness; or (7) was provided under circumstances that support the veracity of the source (e.g., was provided under the pains and penalties of perjury or subject to criminal penalties for providing false information)."

Rule 7(b) of the District/Municipal Courts Rules for Probation Violation Proceedings (2024) (rule 7[b]). See Commonwealth v. Ogarro, 95 Mass. App. Ct. 662, 669 (2019). A hearsay statement need not satisfy all of those criteria to be substantially reliable. See Commonwealth v. Patton, 458 Mass. 119, 133 (2022).

Relying on Durling, 407 Mass. at 114, the defendant argues that the judge impermissibly relied on hearsay evidence, and without the inadmissible hearsay there was insufficient evidence to prove that he committed the new crimes. We are not persuaded. The judge found that the hearsay contained in police reports and the grand jury testimony of a Lawrence detective was substantially reliable, involved observations recorded close in time to the events, was corroborated by evidence including surveillance video footage and cell phone data, and was factually detailed. The judge's findings complied with the

4

requirements of <u>Durling</u> and the criteria listed in rule 7 (b).
We discern no abuse of discretion.

<u>Order dated December 5, 2024,
    finding probation
    violation, revoking
    probation, and imposing
    sentence affirmed</u>.

By the Court (Rubin, Grant &
    Hodgens, JJ.[2]),

Clerk

Entered:    February 13, 2026.

---

[2] The panelists are listed in order of seniority.