NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case.  A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

25-P-1034

COMMONWEALTH

vs.

SKYE T. BOHUN.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

On December 4, 2024, following a violation of probation hearing, a District Court judge found that the defendant violated the conditions of his probation by violating an abuse prevention order on October 24, 2024.  See G. L. c. 209A, § 7. The judge revoked the defendant's probation and imposed a two and one-half year committed sentence.[1]  The defendant appeals,

---

[1] On June 21, 2022, the defendant pleaded guilty to one count of strangulation or suffocation in violation of G. L. c. 265, § 15D (b) and received a suspended sentence with three years of probation with conditions.  In the same case, the defendant also pleaded guilty to two counts of assault and battery on a family or household member in violation of G. L. c. 265, § 13M (a), and one count of threatening to commit a crime in violation of G. L. c. 275, § 2.  He received two one-year committed sentences served concurrently with a sentence on another case for the two counts of assault and battery on a

arguing that the judge erroneously (1) admitted and relied on six screenshots of text messages that the victim purportedly received from the defendant, and (2) did not allow the defendant to cross-examine the responding police officer about a report of a prior incident involving the parties. We affirm.

Background. The victim of the abuse prevention order violation is the mother of the defendant's child.[2] At the violation of probation hearing, the victim testified that, on October 23, 2024, she received a series of threatening text messages from the defendant. The text messages entered in evidence contained the defendant's demands to see his child immediately, as it was his day to visit with the child,[3] threats to kill the victim, and a photo of a hallway that the victim identified as the hallway of her apartment building. The victim's mother, who was with the victim at the time of the incident, testified that someone pounded on the door to the victim's apartment three times around the time the victim

---

family or household member, and a six-month sentence for the count of threatening to commit a crime, deemed served.

[2] The abuse prevention order requires, inter alia, that the defendant stay away from the victim's residence. The defendant is permitted to contact the victim to arrange child exchanges between the victim and the defendant for his parenting time.

[3] The defendant has parenting time with the child on Wednesdays and alternating weekends. The incident occurred on a Wednesday.

received the text messages. The victim and her mother called 911 after they heard someone pounding on the door. The police responded and investigated the report and found the defendant 0.2 miles away from the victim's residence approximately one hour after they received the 911 call. When the police spoke to the defendant, the defendant stated that he had been attempting to contact the victim to arrange a child exchange because it was his day for parenting time. Shortly thereafter, the police placed him under arrest.

Discussion. "A determination whether a violation of probation has occurred lies within the discretion of the hearing judge." Commonwealth v. Bukin, 467 Mass. 516, 519-520 (2014). "The Commonwealth must prove a violation of probation by a preponderance of the evidence." Id. at 520. We also review a judge's evidentiary decisions at a probation violation hearing for abuse of discretion. See Commonwealth v. Rainey, 491 Mass. 632, 648 (2023).

1. The text message screenshots. We review claims of error not preserved at a probation final surrender hearing for whether any error created a substantial risk of a miscarriage of justice. See Commonwealth v. Pickering, 479 Mass. 589, 590 (2018).

At the violation of probation hearing, the Commonwealth entered in evidence six screenshots of text messages that the

3

defendant allegedly sent to the victim's telephone.  On appeal, the defendant argues the screenshots should not have been admitted because he was not given notice that they would be entered in evidence prior to the hearing[4] and because the screenshots were unreliable hearsay statements.  Neither claim is availing.

We begin by noting that on the day of the hearing, the defendant did not argue that he could not go forward with the hearing due to receiving the text messages that day.  Nor did he seek a continuance.  In fact, the judge asked defense counsel whether she objected to the admission of the screenshots, and she responded, "No objection."  Defense counsel then cross-examined the victim and her mother about the content of the text messages, challenged the victim's mother's basis of knowledge that the defendant sent some messages from an unfamiliar number, and questioned the responding officer about whether the screenshots "could have been taken at any moment in time."  We therefore cannot say that the admission of the screenshots without prior notice, if error, created a substantial risk of a miscarriage of justice.  See Pickering, 479 Mass. at 590.

---

[4] We note that the Commonwealth disputes the defendant's claim that he did not receive notice of the screenshots prior to the hearing.  Indeed, during an exchange regarding the admission of the text messages, the probation officer stated that she had "provided [defense counsel] all of the exhibits that [she] had previously received from the police department."

Because the screenshots were of text messages written by the defendant, the screenshots were not hearsay.[5]  See Mass. G. Evid. § 801(d)(2) (2026) (party opponent statements not hearsay).  To the extent that the defendant challenges the authenticity of the text messages, the judge had sufficient evidence to find that the defendant sent the text messages to the victim.  See Commonwealth v. Welch, 487 Mass. 425, 440 (2021), quoting Mass. G. Evid. § 901(a) (2021) ("To satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is").  Specifically, the victim testified that she received most of the text messages from a telephone number she used to communicate with the defendant before and after she called the police, and that she heard knocking on her apartment door around the time she received the picture of an apartment hallway.[6]  Most

---

[5] The statements also were not hearsay because they were not entered in evidence for the truth of the defendant's statements, but to show that the defendant had made threatening statements to the victim and had contacted her beyond what was permissible in the restraining order.  See Mass. G. Evid. § 801(c) (2026).

[6] One screenshot of text messages was from a number unknown to the victim.  However, the victim testified that she received the text messages from the unknown number after reporting the defendant to the police.  The statements in the messages both reference the fact that the victim had called the police and the defendant's attempts to exchange the victim's and defendant's child, the same subject as the earlier text messages.

importantly, the judge also relied on the fact that, when police questioned the defendant before arresting him, the defendant acknowledged that he had sent text messages to the victim. Accordingly, we discern no error in the admission of the text messages. See Rainey, 491 Mass. at 648.

2. The defendant's cross-examination of the police witness. The defendant argues that his attorney should have been allowed to question the police officer about a report regarding a June 10, 2024, incident where the victim had reported that the defendant vandalized her automobile tires. Specifically, the defendant asserts that, because the victim did not personally see the defendant during either the June incident or the October incident and the defendant was not present when police arrived to investigate either incident, the victim likely fabricated both reports. As the judge noted, the defendant's violation of his probation was based on the October 23, 2024 incident. The judge further noted that the probative value of the defendant's proposed line of questioning was too attenuated to be relevant, especially where the defendant acknowledges that police located him only 0.2 miles from the victim's apartment on the day of the occurrence and he admitted that he had been trying to contact the victim. See Mass. G. Evid. § 401 (evidence is relevant if it makes more or less probable fact of consequence in determining action); Mass G. Evid. § 403 ("The

court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following:  unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence").  See also <u>Rainey</u>, 491 Mass. at 648.

<u>Order revoking probation affirmed</u>.

By the Court (Desmond, Tan & Wood, JJ.[7]),

*Paul Little*

Clerk

Entered:  April 27, 2026.

---

[7] The panelists are listed in order of seniority.