NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case.  A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-1221

COMMONWEALTH

vs.

KEVIN M. O'BRIEN.[1]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant appeals from an order revoking his probation and imposing a sentence.  We affirm.  The facts need not be repeated in detail as the parties are familiar with them, but those that are relevant will be included in our discussion.

Background.  On August 17, 2022, the defendant pleaded guilty to two counts of larceny of construction tools, G. L. c. 266, § 27; one count of breaking and entering a vehicle in the daytime with intent to commit a felony, G. L. c. 266, § 18; and one count of larceny of a motor vehicle, G. L. c. 266, § 28 (a).  He was sentenced to serve two years in the house of

_____

[1] Also known as Kevin Obrien.

correction, with eighty-four days deemed served.  The remaining time was suspended and the defendant was placed on probation.

Among the conditions of probation were that the defendant remain drug free and submit to drug screenings.  The conditions also required that he report to his probation officer as he or she required, and that he obey all local, State, and Federal laws.

About a month later, on September 21, 2022, the defendant told his probation officer that if he were drug tested, he would test positive for amphetamines, methamphetamines, fentanyl, and cocaine.  A little more than a week after that, on September 30, 2022, a drug test was performed and, indeed, he tested positive for each of these drugs.  A notice of probation violation and hearing issued, but the defendant fled, missing his October, 2022, hearing.  His whereabouts were unknown until he was arrested in the early morning hours of February 6, 2024, and charged with breaking and entering in the nighttime with intent to commit a felony.

On February 27, 2024, a full probation violation hearing was held.  After the hearing, the judge revoked the defendant's probation, finding that he had committed new offenses, failed to comply with the requirement that he remain drug free, and failed to comply with other provisions of the order of probation because he fled and his whereabouts were unknown between his

2

drug test in 2022 and his arrest in 2024.  The judge imposed the sentence of two years in the house of correction.

Discussion.  On appeal, the defendant's primary argument is that the police report describing the new crime, which was hearsay and contained nested hearsay, was not sufficiently reliable and should not have been admitted at the probation hearing nor relied on by the judge.

Unlike a criminal trial, a finding of a probation violation must be proven only by a preponderance of the evidence. Commonwealth v. Bukin, 467 Mass. 516, 520 (2014).  Although the Confrontation Clause does not apply, due process requires that, where the Commonwealth seeks to rely on hearsay in order to demonstrate a probation violation, it may be admitted and relied upon for revocation of probation if it "bears substantial indicia of reliability and is substantially trustworthy." Commonwealth v. Durling, 407 Mass. 108, 118 (1990).

Here, the police report itself is based on firsthand observations by the two police officers involved, one of whom wrote the report.  Its level of detail and its inclusion of names, phone numbers, and addresses of the witnesses it quotes and describes are sufficient such that we see no abuse of discretion in the judge's conclusion that the first level of hearsay in the police report is substantially reliable.

3

The report contains a first piece of nested hearsay. It states that the officers received a radio call to investigate and remove a person at an address in the Dorchester neighborhood of Boston. According to the radio call, the 911 caller (first witness) stated that there was a male on the property waving at the first witness's door camera. The male was described as a white male, possibly in his twenties, wearing a light-colored jacket.

The officers describe meeting with the first witness when they arrived at the property. He is identified by name and the report includes his address, phone number, and date of birth. The report states that the officers were shown the recording from the first witness's door camera and describes it as showing "what appeared to be a white male wearing a varsity-style jacket, and a baseball hat."

At this point, the report contains more nested hearsay, including statements by the first witness and the second witness, described as the third-floor tenant of the building. The report says that the first witness stated that the male seen in the video walked toward the back of the house, which only led to a back door of the building.

The report states that officers made entry into the building and found "a male matching the image of the male shown in the video recording sitting on the back porch of the [third]

4

floor." The male, subsequently identified as the defendant, stated that he knew the tenant of the apartment.

While escorting the defendant down the back stairs of the residence, the report goes on, the officers were approached by the third-floor tenant, who is identified by name, and whose address, phone number, and date of birth are also included in the report. The tenant stated that he had seen the defendant briefly enter his apartment through the closed but unlocked apartment door while holding a plastic bag and a flashlight, before leaving through the same door. The second witness stated that he did not know the defendant.

The report states that the officers then saw a white plastic bag on the third floor back porch containing a flashlight and several pairs of plastic gloves.

The nested hearsay of the two witnesses is also substantially reliable. The hearsay statements were given to police officers, who obtained the witnesses' names, addresses, and phone numbers. In addition, the first witness's statements were corroborated by the fact that the defendant was found on the third-floor porch of the building. The second witness's statements about the defendant entering his apartment with a flashlight and plastic bag were corroborated by the observation and seizure of a plastic bag with a flashlight, as well as

5

plastic gloves, in it from the very porch where the defendant was initially seen by the police.

This suffices to support our conclusion that the judge did not abuse his discretion in concluding that the hearsay in the police report was substantially reliable. The defendant's arguments that additional evidence was necessary to demonstrate reliability -- including, for example, a description by the second witness of the color of the plastic bag, or some statement by the police in the report not only that the defendant matched the image they had seen, but that he was wearing a varsity jacket -- are without merit.

In terms of the seven factors that the Supreme Judicial Court has said a judge may consider in making the assessment about reliability,[2] we agree with both the judge and the Commonwealth that all point in the direction of reliability.

---

[2] "In assessing whether the hearsay evidence is reliable, a hearing judge may consider (1) whether the evidence is based on personal knowledge or direct observation; (2) whether the evidence, if based on direct observation, was recorded close in time to the events in question; (3) the level of factual detail; (4) whether the statements are internally consistent; (5) whether the evidence is corroborated by information from other sources; (6) whether the declarant was disinterested when the statements were made; and (7) whether the statements were made under circumstances that support their veracity."

Commonwealth v. Hartfield, 474 Mass. 474, 484 (2016).

Our conclusion may obviate the need to address the defendant's other arguments. On the merits, however, they are easily disposed of.

While conceding that the defendant tested positive for drugs during the period in which he was on probation, the defendant argues that there is no evidence that he continues to take drugs. Of course, that is not the question. The question is whether he violated his probation. And the evidence is uncontested that during the time he was on probation, in violation of a condition of that probation, he used illegal drugs. The judge's findings that the defendant violated probation (a) by committing a new crime, (b) by using illegal drugs during the probation period, and (c) by disappearing after failing to appear at his October, 2022, probation violation

hearing, were adequately substantiated.

The order finding violation of probation, revoking probation, and imposing a sentence is affirmed.

<u>So ordered</u>.

By the Court (Rubin,
   D'Angelo & Toone, JJ.[3]),

Clerk

Entered:  May 6, 2026.

---

[3] The panelists are listed in order of seniority.