NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

25-P-862

COMMONWEALTH

vs.

CARLOS M. GARCIA RIVERA.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant appeals from the revocation of his probation with respect to two separate criminal convictions, by an order dated August 14, 2024. Probation was revoked on the basis that the defendant had violated his probation conditions by committing new crimes and failing to maintain contact with probation. The defendant argues for the first time on appeal that the judge utilized the incorrect standard in revoking probation. Specifically, he contends that the judge revoked the defendant's probation on the basis that there was probable cause with respect to the new crimes, rather than, as is required, finding by a preponderance of the evidence that they had been committed. Commonwealth v. Wilcox, 446 Mass. 61, 65 (2006).

We review an order revoking probation for abuse of discretion.  Commonwealth v. Bukin, 467 Mass. 516, 521 (2014).  Because the defendant's argument is based only on an out-of-context reading of the transcript, we affirm.

Discussion.  The notice informing the defendant that he had violated the conditions of his probation alleged (1) violations of the criminal law by reference to a specific complaint out of the Eastern Hampshire District Court, (2) failure to report as required to his probation officer, and (3) failure to inform the probation department of a change of address.  The crimes charged in the complaint and enumerated in the notice of violation were (1) assault by means of a dangerous weapon, (2) malicious destruction of property valued over $1,200, and (3) intimidation of a witness.

At the probation revocation hearing, the defendant admitted to each and every alleged probation violation and signed a probation violation admission.  Near the outset, the probation officer informed the court that the criminal complaint charging the defendant with the alleged new violations had been disposed of by nolle prosequi.[1]  The judge asked the probation officer if

_____

[1] Nolle prosequi is a Latin phrase that means "not to wish to prosecute."  In this Commonwealth, a nolle prosequi, the verb form of which is "nol pros," Del Gallo v. District Attorney for the Suffolk Dist., 488 Mass. 1008, 1008 (2021), and of which the past tense of the verb form is "nol prossed," Pina v. Commonwealth, 491 Mass. 1020, 1020 (2023), is entered by the

2

she knew the reason for the nolle prosequi, and the probation officer said she did not. The defendant's counsel stated that the named victim of those charges did not cooperate with the Commonwealth in any way because she did not want the charges to be brought in the first place.

The probation officer, at the judge's request, recited the alleged facts with respect to the new crimes. It was after that that the judge utilized, for the only time during the hearing, the phrase "probable cause." Specifically, the judge said,

> "Sir, in regards to the violations, I am finding that you violated the terms of probation. I am including the new offense because it's probable cause that you were arrested on a new offense. The fact that it was nol prossed because the victim didn't want to go forward is one thing.

> "It's a different situation, [c]ounsel, if she took the Fifth, and there was some thought that maybe the offense hadn't occurred, but I am going to consider that."

As the judge's statements make clear, she was explaining why in determining whether there was a violation of probation she was going to consider the alleged new violations of the criminal law, despite the fact that the charges had been nol prossed. She stated that it was because there had been probable cause to believe that the new offenses had been committed, and because the nolle prosequi did not imply that the crimes had not

---

prosecutor in order to terminate the prosecution of one or more charges. "After jeopardy attaches, a nolle prosequi entered without the consent of the defendant shall have the effect of an acquittal of the charges contained in the nolle prosequi." Mass. R. Crim. P. 16 (b), 378 Mass. 885 (1979).

3

occurred.  This was clearly not a description of the standard the judge used in making her findings.

As there is thus no indication the judge utilized the wrong standard or abused her discretion, we affirm the order revoking probation and imposing sentence.

> Order dated August 14, 2024, revoking probation and imposing sentence, affirmed.
>
> By the Court (Rubin, Grant & Hodgens, JJ.[2]),
>
> *Paul Little*
>
> Clerk

Entered:  May 13, 2026.

---

[2] The panelists are listed in order of seniority.