## Commonwealth vs. Oscar Nunez.

Suffolk. December 8, 2005. - February 9, 2006.

Present: Marshall, C.J., Greaney, Ireland, Spina, Cowin, & Cordy, JJ.

*Practice, Criminal,* Probation, Revocation of probation. *Due Process of Law,* Probation revocation. *Evidence,* Hearsay. *Constitutional Law,* Confrontation of witnesses.

A District Court judge properly relied on certain testimonial hearsay at a probation revocation proceeding, where the use of such hearsay was not in contravention of the principles announced in *Crawford* v. *Washington,* 541 U.S. 36 (2004), and where the hearsay itself was reliable. [58-59]

Testimony presented by the Commonwealth at a probation revocation proceeding established by a preponderance of the evidence that the defendant had violated the conditions of his probation. [59-60]

Complaints received and sworn to in the Chelsea Division of the District Court Department on June 11 and July 18, 2002, respectively.

A proceeding for revocation of probation was heard by *Timothy H. Gailey,* J.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*Lisa M. Sheehan* for the defendant.

*Seema Malik Brodie,* Assistant District Attorney, for the Commonwealth.

Cowin, J. In this appeal from a probation revocation proceeding, we conclude that the judge did not rely on impermissible hearsay. The defendant, Oscar Nunez, was convicted in the District Court of assault and battery by means of a dangerous weapon and assault by means of a dangerous weapon. On the former charge, he was sentenced to two years of incarceration in a house of correction, six months to serve and the balance suspended for two years. On the latter offense, straight proba-

tion was imposed.[1] After serving the committed portion of his sentence and while on probation, the defendant was arrested and charged with robbery and being a minor in possession of alcohol. He was served in hand with a notice of probation violation for committing the crimes of robbery and minor in possession of alcohol. After a probation revocation hearing at which the victim of the robbery and a police officer testified, the judge revoked the defendant's probation on the ground that he had violated the conditions of his probation by committing a robbery.[2] He imposed the previously suspended sentence of two years in a house of correction with a "credit" for the six months served. On the second offense, he sentenced the defendant to six months in a house of correction on and after the sentence on the first offense, with a credit for four months he had served prior to the probation violation hearing. The defendant timely appealed to the Appeals Court and we transferred the case to this court on our own motion.[3]

The defendant's appeal is based on three claims. He maintains that the use of testimonial hearsay violated his right under the Sixth Amendment to the United States Constitution to confront the witnesses against him. His second contention is related to the first: that his right to cross-examine witnesses under the Fourteenth Amendment to the United States Constitution and art. 12 of the Massachusetts Declaration of Rights was violated by the admission of hearsay where the judge failed to find good cause for denying his right to confrontation and where the hearsay was unreliable. Finally, he argues that the evidence at the probation proceeding was insufficient to establish by a

---

[1]The imposing of straight probation means that the defendant was not given a suspended sentence, but merely placed on probation for a certain term.

[2]Although evidence was presented on the offense of a minor in possession of alcohol, no finding was made on that charge.

[3]The parties have not indicated whether the defendant has completed his sentence. If so, the appeal could be moot. Neither party has made such a contention and a probation revocation may have collateral consequences. See *Commonwealth* v. *Lally*, 55 Mass. App. Ct. 601, 602 n.1 (2002); *Commonwealth* v. *Christian*, 46 Mass. App. Ct. 477, 479, *S.C.*, 429 Mass. 1022 (1999). The issues in this case have been fully briefed and raise questions that may arise again but evade review. Therefore, we reach the issues. See *Delaney* v. *Commonwealth*, 415 Mass. 490, 492 (1993).

preponderance of the evidence that he violated the conditions of his probation.

We summarize the testimony at the probation proceeding in order to assess the defendant's claims. On June 7, 2003, at approximately 11 P.M., Carmen Boy was walking into her house in the East Boston section of Boston when a man, later identified as the defendant, grabbed her purse. During a struggle with her assailant, Boy fell to the ground and hit her forehead. As the defendant ran away with her purse, Boy saw him enter a dark car occupied by at least two other people.

At the time of the incident, it was dark and the light at the entrance to Boy's home had burned out. Boy was nervous and dizzy from hitting her head; her eye was starting to swell up and close; and she had not been wearing her bifocals. However, she could "see from a distance better than from near." Boy did not see her assailant's face and she said that he was wearing a mask. She did observe that he was "skinny and a little taller than" she, and that he was wearing a cap, black pants, and "something white, like white stripes." Immediately after the incident, the victim's daughter telephoned the police.

Officer Richard Casalis of the Boston police department testified regarding another incident that occurred in East Boston six or seven blocks from Boy's house, and within one hour of the robbery of Boy. This incident was an attempted armed robbery perpetrated by a Hispanic male with a knife. According to Officer Casalis, the victim of the incident, Abdulia Lopez, gave the police a "very good" description of his assailant and said that the attacker tried to stab him, punctured his sweatshirt, and "just miss[ed] his shoulder." Lopez said that the attacker got into a dark car in which there were two other occupants. He provided the police with five of the six characters on the automobile's registration plate. Shortly after the report by Lopez, the police stopped a car fitting the description and registration plate information that Lopez had provided. The car, with three occupants, was stopped a few blocks from the location of both the Boy and Lopez incidents.

Lopez and Boy were brought by the police to the location where the three individuals were stopped, but, according to Officer Casalis, Lopez "got nervous and scared" and did not make

an identification. The officer had told Boy that the police wanted to see if she could identify one of the men the police had stopped and Boy did identify one of them as the person who robbed her "on account of his clothes."[4]

Later in the evening at the police station, Boy listed the contents of her purse. One, a little mirror "with colors," was found in the car in which the defendant was a passenger when the police stopped him. A search of the vehicle also revealed empty beer bottles near the passenger seats, a machete, a black knit hat with a white stripe, and a red pouch containing the mirror. Officer Casalis stated that when he asked Boy if she had a red pouch in her purse, she said that she did and that she described the mirror without further inquiry.

Although Lopez did not testify at the hearing, the judge permitted the above testimony regarding the Lopez incident over the defendant's objection. During the closing argument of the prosecutor, the judge twice indicated that the Lopez offense "is not part of the probation surrender proceeding," stating once that it was "not the subject of this probation surrender proceeding because it's not listed in the notice of surrender." Nevertheless, the prosecutor argued that Boy's identification of the defendant was buttressed by the fact that, at least by inference, he was the perpetrator of another incident in the same area at approximately the same time. Thus, according to the Commonwealth, the Lopez evidence was relevant to the offense under consideration. As stated earlier, the judge found the defendant in violation of probation for the commission of the robbery of Boy. On the probation violation form, the judge noted that he had relied on the testimony of Boy, Officer Casalis, and a probation officer.

The defendant contends that hearsay testimony was used against him at the probation revocation proceeding. The hearsay in question is the report of Officer Casalis recounting the Lopez incident. The Commonwealth maintains that this evidence was not the basis for the judge's finding of a violation of probation because the judge expressly stated that the Lopez incident was not before him and was not part of the proceedings. The judge's

---

[4]Boy believed that the individuals were handcuffed. Officer Casalis did not "think" the defendant was handcuffed until after the identification.

statements mean only that he was not considering the Lopez incident as a separate event on which to revoke probation. They do not imply that he would not rely for the revocation decision on any of the evidence regarding the Lopez incident. Morever, on the probation violation form, the judge indicated that he had relied on the testimony of Officer Casalis and he did not limit his reliance to the part of the officer's testimony regarding the Boy incident. Thus, we must assume that the judge relied on the hearsay testimony regarding the Lopez incident in reaching his decision to revoke probation because of the Boy incident.[5]

The defendant maintains that such use of hearsay testimony was impermissible. He contends that the use of testimonial hearsay in a probation revocation proceeding is a violation of his Sixth Amendment right to confront the witnesses against him in contravention of the principles announced in *Crawford* v. *Washington*, 541 U.S. 36 (2004). We have concluded today that these principles do not apply to probation revocation proceedings. See *Commonwealth* v. *Wilcox*, *post* 61, 66-68 (2006). The defendant maintains that, at least in regard to the offense on which he had received straight probation (and no suspended sentence), the judge was free to impose any sentence. Thus, in regard to this offense, the probation proceeding was in effect a deferred sentencing and a "stage of the criminal proceeding." This argument fails because we have never held that the right of confrontation applies to the sentencing segment following criminal trials. Indeed, all types of untested statements are offered by both parties at sentencing hearings. Witnesses are not produced and cross-examination is not required. *United States* v. *Luciano*, 414 F.3d 174, 178-179 (1st Cir. 2005). See also *Commonwealth* v. *Goodwin*, 414 Mass. 88, 92 (1993); *Commonwealth* v. *Martin*, 355 Mass. 296, 299-300 (1969).

Our inquiry is not ended simply because we have concluded that the *Crawford* decision does not apply to probation revocation proceedings. The hearsay on which the judge relied must be reliable. "[I]f reliable hearsay is presented, the good cause requirement is satisfied," and a probationer may be denied the

---

[5]The testimony regarding the Lopez incident was of minimal relevance to Boy's testimony. At most, it places the car in which the defendant was later found in the vicinity of the Boy robbery less than one hour after that robbery.

right to confront and cross-examine witnesses at a probation revocation hearing. *Commonwealth* v. *Negron*, 441 Mass. 685, 691 (2004). In order to make a determination with respect to reliability, we have reviewed the transcript, and we agree that the statements of Lopez are reliable. They are factually detailed, based on personal knowledge and direct observation and made soon after the events at issue when the incident was still fresh in his mind. Moreover, at least one of Lopez's statements is corroborated by the observations of Officer Casalis. (The officer saw the hole in Lopez's sweatshirt that Lopez indicated was made by his attacker.) Lopez's statements are also corroborated to some extent by Boy's observation that her assailant got into a dark car with at least two other occupants. In addition, it is a criminal offense to make a false report of a crime to a police officer. See G. L. c. 269, § 13A. This factor "bolsters the reliability of the report[]." *Commonwealth* v. *Durling*, 407 Mass. 108, 121 (1990). Although the judge did not explicitly state that he found the hearsay reliable, that conclusion is implicit in the fact that he made findings based on the hearsay evidence. For the reasons stated, we are persuaded likewise.[6]

The defendant's final claim is that the Commonwealth did not prove by a preponderance of the evidence that it was he who had robbed Boy. See *Commonwealth* v. *Hill*, 52 Mass. App. Ct. 147, 154 (2001) (standard of proof in probation revocation proceedings is civil standard of preponderance of evidence). Boy testified that her purse had been stolen and that she had identified the defendant as the thief on the night of the incident. Weaknesses in Boy's ability to see or to recall affect the weight of the evidence and we do not disturb the judge's credibility determinations as fact finder. Cf. *Commonwealth* v. *Boucher*, 438 Mass. 274, 275-276 (2002).

The defendant contends that it is not clear that Boy identified the defendant at the revocation hearing as the same person she identified the night of the incident. This claim was not raised at the revocation proceeding. The identification issue at the hear-

---

[6]The defendant points out that, when he objected to the hearsay, the judge stated: "This is a probation surrender hearing; your objection is overruled." We read this statement as an implicit determination that the hearsay is reliable. It is advisable, however, for such a finding to be stated on the record.

ing was whether Boy was able to identify the defendant the night of the incident, not whether the man in court was the person whom Boy identified and who was arrested immediately after that identification. Passing the question of waiver however, our review of the transcript indicates that Boy's testimony was sufficient to establish by a preponderance of the evidence that she identified the defendant in court as the person who took her purse. Boy testified: "They told me to identify to [*sic*] the persons who had done this [robbed her], and sort of identify the car even though it was dark, and I couldn't read the plate number, but all I knew it was a dark car. And I identified the young man *who's there* on account of his clothes" (emphasis supplied). The judge could permissibly treat the italicized words as a reference to the defendant in the court room. Our conclusion is buttressed by the fact that the defendant never contended that there had been a failure of in-court identification (despite arguing strenuously that there was inadequate on-the-scene identification).[7]

The order revoking probation is affirmed.

*So ordered.*

---

[7]We note that the in-court identification of the defendant, while sufficient, was barely so. The Commonwealth would do well not to rely on the relative informality of revocation hearings to such an extent that it fails to prove an essential element of the revocation case.