The defendant raises two issues in this appeal from the revocation of his probation. He argues first that the revocation was impermissibly based on unreliable hearsay and, second, that the evidence was insufficient to prove by a preponderance of the evidence that he used a motor vehicle without authority, G. L. c. 90, § 24(2)(a ).
The defendant's argument that the probation revocation rested entirely on unreliable hearsay is defeated by the record. To be sure, hearsay evidence was introduced at the revocation hearing; however, there was also significant evidence of the testifying officer's personal observations. Thus, this is not a case of probation being revoked based solely on hearsay evidence.
Accordingly, the judge needed only to determine that the hearsay was sufficiently reliable in order to rest his decision on it. Commonwealth v. Patton, 458 Mass. 119, 132 (2010). There are " 'at least five criteria' to be considered on the question of trustworthiness and reliability," not all of which need be present for hearsay to be deemed trustworthy and reliable in a particular case. Id. at 132-133, quoting from the Commentary to Rule 6 of the District Court Rules for Probation Violation Proceedings 800 (LexisNexis 2008-2009). Those factors are: "(1) the level of factual detail, rather than generalized and conclusory assertions; (2) whether the statement is based on personal knowledge and direct observation; (3) whether the statement is corroborated by evidence submitted by the probationer; (4) whether the statement was provided under circumstances that support the veracity of the source; and (5) whether the statement was provided by a disinterested witness." Ibid.
We discern no abuse of discretion in the judge's implicit determination that the hearsay was reliable. The out-of-court statements of the defendant's girl friend were factually detailed and based on her personal knowledge and observation. The statements were corroborated by the officer's subsequent investigation. Further, the fact that the girl friend could be prosecuted for making a false report to a police officer "bolsters the reliability of the report[ ]." Commonwealth v. Nunez, 446 Mass. 54, 59 (2006), quoting from Commonwealth v. Durling, 407 Mass. 108, 121 (1990). We acknowledge that the girl friend was not "disinterested," but that is not dispositive. Similarly, we see no abuse of discretion with respect to the admission of the statements by the defendant's friend, which were based on his (the friend's) personal knowledge and corroborated by other evidence.
Since we see no error or abuse of discretion in admitting the hearsay evidence, that evidence must be considered when evaluating the defendant's argument that the evidence was insufficient. General Laws c. 90, § 24(2)(a ), as amended through St. 1974, c. 418, provides, in relevant part, "[W]hoever uses a motor vehicle without authority knowing that such use is unauthorized shall ... be punished." "The crime comprises at least four distinct elements: (1) use; (2) of a motor vehicle; (3) without authority; and (4) knowing that such use is unauthorized." Commonwealth v. Campbell, 475 Mass. 611, 616 (2016). The defendant challenges the sufficiency of the Commonwealth's proof with respect to all four elements.
For purposes of the defendant's argument, we view the facts, together with the reasonable inference to be drawn from them, in the light most favorable to the Commonwealth to determine whether the Commonwealth met its burden to prove each element of the crime by a preponderance of the evidence. See Commonwealth v. Holmgren, 421 Mass. 224, 227 (1995) (standard of proof in a probation revocation proceeding is the civil standard of preponderance of the evidence). "A proposition is proved by a preponderance of the evidence 'if it is made to appear more likely or probable in the sense that actual belief in its truth, derived from the evidence, exists in the mind or minds of the tribunal notwithstanding any doubts that may still linger there.' " Commonwealth v. Hill, 52 Mass. App. Ct. 147, 154 (2001), quoting from Sargent v. Massachusetts Acc. Co., 307 Mass. 246, 250 (1940).
Taken in this light, the facts showed that, on the date in question, the defendant's girl friend called police to report that her van had been stolen. She told the responding officer that the defendant, along with Jose White, had been at her house earlier in the evening, and that he had been drinking to the point where his "demeanor" changed. White was the defendant's friend, and the defendant had picked him up with the van[2] earlier in the evening. Upon the defendant's change in demeanor, the girl friend asked both the defendant and White to leave her house. Consistent with the fact that his demeanor had visibly deteriorated as a result of alcohol and with the fact that she knew the defendant's license had been suspended, the girl friend did not want the defendant to drive her van. Although it is true that there is no direct evidence that the girl friend herself expressed this sentiment to the defendant, there was evidence that her wish was expressed through her son, who asked the defendant for the keys to his mother's van before the defendant left the house. Upon assuring the son that he (the defendant), did not have the keys, the defendant and White left.
When the girl friend awoke several hours later that evening, she discovered her van was missing. Suspecting that it had been taken by the defendant, and therefore having an idea of where it (and he) might be located, she suggested to the responding officer several locations where the van and the defendant might be found.[3] The defendant was located where his girl friend predicted. The van was about 100-150 feet off the roadway in a grassy field. The driver's seat was empty; the defendant was asleep on the ground behind the van. White was asleep in the passenger seat. Both men were intoxicated.
The evidence was sufficient to prove, by a preponderance of the evidence, the elements of use of a motor vehicle without authority. The defendant's use (and, although not required, operation) of the van can be inferred from the fact that it was located where his girl friend had predicted he might go, from his proximity to the car when it was located, and from the fact that White was in the passenger seat rather than the driver's seat. It can be inferred from the fact that the girl friend's son asked for the keys after his mother asked the defendant to leave the house due to his drinking, that the defendant did not have her permission to use the van given his condition-whether that condition was (as the girl friend stated) his suspended license, or (as the circumstances suggest) alcohol, or both. The judge was permitted to find, using common sense and experience, that a request for a vehicle's keys is the functional equivalent of a statement denying permission to use a vehicle, and that the defendant would have understood it as such.
For the reasons set out above, we conclude that the judge did not abuse his discretion in revoking the defendant's probation. See Commonwealth v. Bukin, 467 Mass. 516, 521 (2014) (probation revocation is reviewed for abuse of discretion).
Order revoking probation and imposing sentence affirmed.

After the defendant and White were located with the van in the field, White stated that the defendant had picked him up earlier in the evening. It is a fair inference from these facts and the girl friend's son's request to return the keys that the defendant had used the van to pick up White.

She also told the officer that she had not given the defendant permission to use the van because his license was suspended.