NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case.  A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-738

COMMONWEALTH

vs.

JULIO PEREZ-SANCHEZ.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant appeals from an order revoking his probation. The defendant asserts that the judge erred by considering unreliable hearsay evidence.  We affirm.

Background.  While on probation for charges of breaking and entering a building during the daytime with the intent to commit a felony, and larceny over $250, the defendant was indicted for strangulation or suffocation, assault and battery on a family or household member, aggravated rape, strangulation of a pregnant victim, assault and battery on a pregnant victim, assault and battery with a dangerous weapon on a pregnant victim, threatening to commit a crime, and rape.  Based on these

charges, the probation department issued violation notices to the defendant.[1]

A probation violation hearing took place on March 24 and April 18, 2023. The Commonwealth presented five police witnesses, grand jury minutes, grand jury exhibits, police reports, and body worn camera footage of the interview with the victim. The evidence established that on October 16, 2022, the victim reported to the police that the defendant had sexually assaulted her two days earlier.[2] She told them that she had gone to the defendant's home on October 14 to drop off some clothes. While there, the defendant asked her to have sex and she initially declined twice. The defendant threatened to punch her in the stomach (she was pregnant), he then "choked" and bit her so she "layed there" and "just took it" and had "unwanted sex."

The officers observed bruising on her neck region. Additionally, one of the officers spoke to a neighbor, who saw the victim go into the defendant's apartment on October 14 and leave three hours later. The victim sent the neighbor text

---

[1] The probation department also filed notices of violation for entering a city that the defendant was prohibited from entering due to an earlier court order, and other alleged criminal conduct. The defendant concedes that he violated those terms of probation, but argues that the judge would not have revoked his probation and sentenced him on those violations.

[2] Her allegations were recorded on body worn camera footage and viewed by the hearing judge.

messages stating that the defendant had sexually assaulted her. The neighbor encouraged the victim to report the incident to the police.

The victim's fourteen year old child told the police during an interview that in the spring of 2022, the defendant had choked the child. The victim confirmed to the police that she saw the defendant place his hands on the child's neck. The victim stated that she never reported this incident because she wasn't sure how hard the defendant had squeezed. The child told a friend about the defendant's choking the child and the friend confirmed to the police that the child had said the defendant choked the child.

Discussion. "The Commonwealth must prove a violation of probation by a preponderance of the evidence." Commonwealth v. Bukin, 467 Mass. 516, 520 (2014). At a probation hearing, a judge may rely on hearsay evidence that has "substantial indicia of reliability." Commonwealth v. Ogarro, 95 Mass. App. Ct. 662, 668 (2019). In assessing whether the hearsay evidence is substantially reliable, a judge may consider:

> "(1) whether the evidence is based on personal knowledge or direct observation; (2) whether the evidence, if based on direct observation, was recorded close in time to the events in question; (3) the level of factual detail; (4) whether the statements are internally consistent; (5) whether the evidence is corroborated by information from other sources; (6) whether the declarant was disinterested when the statements were made; and (7) whether the

3

statements were made under circumstances that support their veracity."

Id., quoting Commonwealth v. Hartfield, 474 Mass. 474, 484 (2016). See Commonwealth v. Costa, 490 Mass. 118, 124-125 (2022). "There is no requirement that hearsay satisfy all the above criteria to be trustworthy and reliable." Commonwealth v. Patton, 458 Mass. 119, 133 (2010). We review the judge's assessment of the reliability of that evidence for an abuse of discretion. See Commonwealth v. Jarrett, 491 Mass. 437, 445 (2023).

The Commonwealth acknowledges that the evidence regarding the allegations of rape, strangulation, and assault consisted exclusively of hearsay evidence. The statements of the victim and the child were made under circumstances that support their veracity. The fact that both the victim and the child gave statements to a police officer bolsters their reliability because it is a crime to make a false report of a crime. See Commonwealth v. Nunez, 446 Mass. 54, 59 (2006); Commonwealth v. Negron, 441 Mass. 685, 691 (2004). There was some form of corroboration of the statements from sources other than the declarants. See Bukin, 467 Mass. at 520-521; Patton, 458 Mass. at 134; Nunez, 446 Mass. at 59; Negron, 441 Mass. at 691; Commonwealth v. Mejias, 44 Mass. App. Ct. 948, 949 (1998).

4

The victim's statements were internally consistent, included specific factual details, and were reported to the police within forty-eight hours. She did not alter her statements describing these crimes when she applied for her restraining order or when she testified before the grand jury. Her statements reporting these crimes to the police were corroborated by her neighbor, who saw her enter the apartment and stay for three hours.[3] The victim reported to the neighbor that she had been raped by the defendant while she was in the apartment. The victim's statements to the neighbor were made within hours of her being in the apartment. The police also saw bruising on the victim's neck. To the extent that the defendant argues that the victim's statements were inconsistent because some of them could be interpreted as her minimizing or delaying disclosure of the defendant's violence against her, we are not persuaded. Cf. Commonwealth v. King, 445 Mass. 217, 242 (2005) ("ostensible 'delay' in disclosing a sexual assault is not a reason for excluding evidence of the initial complaint"); Commonwealth v. Oliveira, 431 Mass. 609, 613 (2000) (common knowledge that victims of domestic violence remain bound in

_____

[3] As numerous cases demonstrate, there is no requirement that each one of a declarant's statements be individually corroborated before it may be treated as reliable. See, e.g., Patton, 458 Mass. at 133; Nunez, 446 Mass. at 59; Commonwealth v. Henderson, 82 Mass. App. Ct. 674, 679 (2012).

relationships).  The fact that the victim did not disclose the sexual assault to her mother or the defendant's current romantic partner does not make the hearsay unreliable.

The child's statements to the police were also internally consistent, factually detailed, and were based on the child's personal knowledge.  The child's allegations were corroborated because the victim stated she saw the defendant choking the child and the child had told a friend about the strangulation shortly after it had occurred.

Based on the foregoing, the judge did not err in determining that the hearsay as a whole was substantially reliable and that the evidence was sufficient to find that the defendant violated the terms of probation by committing new criminal offenses.

<u>Order revoking probation and imposing sentence affirmed</u>.

By the Court (Henry, Grant & D'Angelo, JJ.[4]),

Clerk

Entered:  August 21, 2024.

---

[4] The panelists are listed in order of seniority.