NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-1481

COMMONWEALTH

vs.

MICHAEL HUNT.[1]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant appeals from (1) the denial of his motion for recusal, (2) an order of a judge of the Superior Court finding that the defendant violated his probation by committing new offenses, and (3) the sentence of nine to eleven years in State prison the judge imposed for one of the underlying convictions. We affirm.

Background.  In 2023, the defendant was on probation for his 2002 convictions of one count of rape of a child and two counts of indecent assault and battery on a child under

_____

[1] Also known as Michael Petrocchi.

fourteen.[2]  On March 13, 2023, the defendant was charged by

criminal complaint issued from the District Court with indecent

assault and battery on a child under fourteen and intimidation

of a witness (March 2023 charges).  Shortly thereafter, the

Commonwealth notified the defendant of four alleged probation

violations.

Specifically, the Commonwealth alleged the following

violations:  (1) failure between January 1, 2017, and December

---

[2] On August 15, 2002, in Franklin County, the defendant was sentenced to:  (1) a five to seven-year prison term for one count of rape of a child (count one); (2) a five-year probationary term for another count of rape of a child (count two), to be served concurrently with his State prison sentence; (3) concurrent fifteen-year probationary terms for another count of rape of a child (count three) and one count of indecent assault and battery on a child under fourteen (count eight), to begin from and after his release from State prison; and (4) a three to five-year prison term for another count of indecent assault and battery on a child under fourteen (count four), to be served concurrently with the direct sentence on count one. One count of possession of child pornography (count nine) was filed by the Court.  A nolle prosequi was filed for all three counts of contributing to the delinquency of a minor (counts five to seven).

On September 13, 2002, in Worcester County, the defendant was sentenced to:  (1) a six to eight-year State prison sentence for one count of indecent assault and battery on a child under fourteen (count two), to be served concurrently with his incarceration on the Franklin County offenses; (2) a fifteen-year probationary term for another count of indecent assault and battery on a child under fourteen (count one), to begin from and after his release from State prison; and (3) four concurrent five-year probationary terms for providing liquor to minors (counts three to six).  The defendant has since completed his four concurrent five-year probationary terms for counts three to six.

31, 2018, to comply with a condition of probation not to have unsupervised contact with children under the age of sixteen (violation one), (2) sexually assaulting a child and intimidating him as a witness, for which the defendant was charged in March 2023 (violation two), (3) failure between June 1, 2016, and August 31, 2017, to comply with a condition of probation not to have unsupervised contact with children under the age of sixteen (violation three), and (4) failure on April 1, 2023, to obey a court order connected to the March 2023 charges not to have unsupervised direct or indirect contact with children under the age of sixteen (violation four).

On August 7, 2023, the defendant filed a motion for recusal of the hearing judge based on her prior experience prosecuting child sexual assault cases. On August 8, 2023, before the start of the first probation violation hearing, the judge denied the motion for recusal and noted the defendant's objection. On September 22, 2023, during the third (and final) probation violation hearing, the judge issued oral findings on the record that the Commonwealth had established by a preponderance of the evidence all four alleged probation violations. On October 3, 2023, the judge issued a written memorandum and order, explaining in greater detail the evidence supporting her

3

findings that the defendant committed all four alleged probation violations.[3]

On October 3, 2023, the judge sentenced the defendant to nine to eleven years in State prison for the rape of a child conviction underlying his probation. The judge also imposed five to six-year sentences for the two indecent assault and battery convictions underlying the probation, to be served concurrent with the nine to eleven-year sentence. On October 19, 2023, the defendant filed a notice of appeal to this court. On November 9, 2023, the defendant pleaded guilty in District Court to the March 2023 charges.[4,5]

Discussion. 1. Motion for recusal. The defendant argues that the judge abused her discretion in denying the defendant's motion for recusal because she prosecuted child sexual assault cases before joining the bench and therefore her impartiality reasonably could be questioned. We disagree. If we adopted the

---

[3] The defendant argued in his opening appellate brief that the judge failed to make written or oral findings. In his reply brief, the defendant conceded that the judge made written findings.

[4] The Commonwealth's motion to expand the record to include these subsequent guilty pleas is allowed.

[5] The judge imposed concurrent sentences of two and one-half years in a house of correction for the March 2023 charges, also to be served concurrent with the nine to eleven-year sentence for rape of a child and the five to six-year sentences for the two indecent assault and battery convictions.

defendant's argument, any judge who previously practiced in a specialty area would have to recuse themself from cases in that area. That is not what our law requires, nor would it be practicable. Instead, our law requires that a judge internally assess their "capacity to rule fairly" and objectively appraise whether they will appear impartial. Lena v. Commonwealth, 369 Mass. 571, 575 (1976). The judge did so here. Additionally, we note, as the judge did, that she had been serving as a judge for five years at the time of the probation surrender hearing. See Commonwealth v. Morgan RV Resorts, LLC, 84 Mass. App. Ct. 1, 12 (2013) ("The passage of time certainly can be a factor leading to a conclusion that any concerns about a judge's impartiality would be unreasonable"). Accordingly, we discern no error.

2. Sufficiency of the evidence. The Commonwealth must prove any "violation of probation by a preponderance of the evidence." Commonwealth v. Bukin, 467 Mass. 516, 520 (2014). On review, we determine "whether the record discloses sufficient reliable evidence to warrant the findings by the judge that [the defendant] had violated the specified conditions of his probation." Commonwealth v. Morse, 50 Mass. App. Ct. 582, 594 (2000).[6]

---

[6] The defendant's argument that the probation condition prohibiting him from having unsupervised contact with children under the age of sixteen is unenforceable was not raised below and is therefore waived on appeal. See Commonwealth v.

5

a.  Violations one and two.  Probation violations one and two are related, as they both involve two children, ages nine to eleven, of a tenant living on the first floor of the defendant's three-family home.  The defendant was alleged to have had unsupervised contact with the tenant's children between January 1, 2017, and December 31, 2018 (violation one), including one incident where he sexually assaulted one of the children, who was under the age of fourteen (violation two).  The defendant's subsequent guilty pleas to the March 2023 charges renders moot his argument that there was insufficient evidence to prove violations one and two.  Commonwealth v. Pena, 462 Mass. 183, 187 (2012).

Even if the argument is not moot, the judge did not abuse her discretion in finding that the victim's testimony of the March 2023 charges was credible and proved by a preponderance of the evidence that the defendant had violated a condition of his probation, including that he sexually assaulted one child under the age of fourteen by touching his penis.  To the extent the victim gave inconsistent accounts of the sexual assault, "[t]he issue of credibility raised by such inconsistencies is a question for the [fact finder] to decide" (quotation and citation omitted).  Commonwealth v. Clary, 388 Mass. 583, 589

_____

Dubowski, 58 Mass. App. Ct. 292, 298 (2003).  Accordingly, we decline to address this issue.

6

(1983).  See id. ("Inconsistencies in testimony . . . do not render it insufficient").  "[W]e do not disturb the judge's credibility determinations as fact finder."  Commonwealth v. Nunez, 446 Mass. 54, 59 (2006).

b.  Violation three.  There was sufficient evidence for the judge to find by a preponderance of the evidence that the defendant had unsupervised contact with children under the age of sixteen between June 1, 2016, and August 31, 2017.  The judge heard testimony from the defendant's former roommate that, on one occasion, she walked into their shared apartment and saw the defendant, with no other adults present, handing something from the refrigerator to his tenant's two children, who were nine and five years old.  The judge did not abuse her discretion in crediting the testimony of the defendant's former roommate.[7]  See Nunez, 446 Mass. at 59.

c.  Violation four.  The Commonwealth also offered sufficient evidence to establish that the defendant violated a court order, issued during his arraignment on the March 2023 charges, to not have unsupervised contact with children under the age of sixteen.  At the probation violation hearing, the Commonwealth presented evidence that on April 1, 2023, two men

_____

[7] The judge did not wholly credit the Commonwealth's evidence.  She found that the Commonwealth did not sustain its burden to prove a second occasion of unsupervised contact with this tenant's children.

7

in a van -- the defendant and his partner -- pointed at two twelve year old girls and smiled. About fifteen minutes later, the girls had moved from that location to a school playground when the van pulled up next to the girls and the passenger asked them for directions. There was conflicting evidence as to which man asked for directions. Regardless of whether the defendant was the driver or the passenger, the evidence was sufficient to establish, by a preponderance of the evidence, that the defendant intentionally violated the court order prohibiting him from having unsupervised contact with children under sixteen by speaking with the girls himself or by driving close to the girls to allow his partner to speak with them. See Commonwealth v. Henry, 475 Mass. 117, 121 (2016) (probation violation must be willful). Accordingly, we discern no error.

3. Sentencing. "A defendant who violates probation is not being punished for violating a condition of probation, but rather the defendant is essentially being sentenced anew on his [or her] underlying conviction" (quotation and citation omitted). Commonwealth v. Eldred, 480 Mass. 90, 97 (2018). "That sentence should reflect the judge's careful assessment of several goals: punishment, deterrence, protection of the public, and rehabilitation." Commonwealth v. Goodwin, 414 Mass. 88, 92 (1993). "It is not in this court's power to vacate or modify an otherwise lawful sentence, so long as it has been

8

administered impartially, based on the relevant criteria." Commonwealth v. Medina, 64 Mass. App. Ct. 708, 722 (2005). The defendant argues that his sentence of nine to eleven years for rape of a child is unlawful because it (1) violates ex post facto laws, (2) was based upon uncharged conduct and homophobic stereotypes, and (3) constitutes cruel and unusual punishment. We disagree.

a. Ex post facto. First, the defendant argues that the judge violated the protection against the operation of ex post facto laws afforded him by art. I, § 10, of the United States Constitution and art. 24 of the Massachusetts Declaration of Rights. "To prevail on an ex post facto claim, a litigant 'must show both [(1)] that the law he challenges operates retroactively (that it applies to conduct completed before its enactment) and [(2)] that it raises the penalty from whatever the law provided when acted.'" Clay v. Massachusetts Parole Bd., 475 Mass. 133, 136 (2016), quoting Doe, Sex Offender Registry Bd. No. 10800 v. Sex Offender Registry Bd., 459 Mass. 603, 618 (2011).

The defendant argues that the judge, at the Commonwealth's suggestion, applied during sentencing an aggravating factor in G. L. c. 265, § 23A (b) (the 2008 statute), even though that statute was not in effect when he was sentenced to probation in 2002. While the prosecutor should not have mentioned the 2008

9

statute during the sentencing hearing, there is no evidence that the judge applied that statute. Indeed, the 2008 statute carries a mandatory minimum sentence of ten years, yet here the judge sentenced the defendant to nine to eleven years for rape of a child. See G. L. c. 265, § 23A (c). Furthermore, one of the statutes under which the defendant was sentenced to probation in 2002, G. L. c. 265, § 23, as amended by St. 1998, c. 194, § 238, allowed for a life sentence. The defendant's sentence was within the bounds of the statute as written at the time of the defendant's underlying conviction. The defendant's ex post facto claim fails.

b. <u>Uncharged conduct and homophobic stereotypes</u>. Second, the defendant asserts that the judge, who "may have" accepted the prosecutor's argument that the defendant and his partner were engaged in "grooming" and "predatory" behavior during probation, based the sentence on uncharged conduct and homophobic stereotypes.[8] Not only is there no evidence to

_____

[8] We note that "'grooming' has as its ultimate goal 'the formation of an emotional connection with the child and a reduction of the child's inhibitions in order to prepare the child for sexual activity.'" <u>Commonwealth</u> v. <u>Martinez</u>, 104 Mass. App. Ct. 13, 18 (2024). Courts have used this language regardless of the defendant's sexual orientation. See <u>id</u>. at 17-18 (characterizing defendant's manipulative phone calls to child victim of different gender as grooming). Here, the defendant offered children under fourteen soda, candy, money, and video games to establish a connection with them. It is not homophobic to reference that behavior.

10

support the defendant's argument, but the judge explicitly stated that she was sentencing the defendant based on the offenses underlying his probation, not the probation violations. We discern no basis for the argument that the judge's sentence was based on uncharged conduct or homophobic stereotypes.

c. Cruel and unusual punishment. The defendant argues that his nine to eleven-year sentence violates the Eighth Amendment to the United States Constitution and art. 26 of the Massachusetts Declaration of Rights, as cruel and unusual punishment "in the moral and common sense meaning of those words." The burden is on the defendant to prove that a punishment is cruel and unusual. Cepulonis v. Commonwealth, 384 Mass. 495, 497 (1981). In making this argument, the defendant did not cite a legal standard in his brief and merely re-argued his case. He also failed to establish that the sentence was not "lawful and within the statutory limits." Medina, 64 Mass. App. Ct. at 722. See G. L. c. 265, § 23, as amended by St. 1998, c. 194, § 238. See also Medina, supra (no cruel and unusual punishment where defendant received concurrent twenty to thirty-year sentences for indecent assault and battery, from and after

11

concurrent life sentences for rape of child, because sentences were within statutory limits).  We discern no error.[9]

Order denying motion to
  recuse affirmed.

Order revoking probation and
  imposing sentence affirmed.

By the Court (Henry, Smyth &
  Toone, JJ.[10]),

*Paul Little*

Clerk

Entered:  August 29, 2025.

---

[9] The defendant's one-sentence claim at the end of his opening brief, that trial counsel "perhaps" provided ineffective assistance by not filing a motion to revise or revoke the defendant's sentence, does not rise to the level of appellate argument.  See Mass. R. A. P. 16 (a) (9) (A), as appearing in 481 Mass. 1628 (2019).  As such, we need not pass on the question whether trial counsel was ineffective.  Id.

[10] The panelists are listed in order of seniority.